UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DAVID A. DUNBAR,                    :     CIVIL NO. **1:05-CV-1594**
                                    :
         Plaintiff                  :
      v.                            :     (Magistrate Judge Smyser)
                                    :
JAMES T. WYNDER,                    :
K. JONES,                           :
MICHAEL KUBIAK,                     :
JOHN BENDICK,                       :
JAMES MCGRADY,                      :
EDGAR KNEISS,                       :
NORMAN DEMMING,                     :
MAJOR DONALD JONES,                 :
KENNETH BURNETT,                    :
DIANNA DEAN,                        :
CAP. POHLIDAL,                      :
PETER CWALINA,                      :
JOHN GALABINSKI,                    :
JOHN GUTSHALL,                      :
ZABLOTNEY,                          :
KOWALSKI,                           :
FRITZ BLEICH,                       :
LT. CYWINSKI,                       :
DONALD JONES,                       :
CHARLES MCKEOWN,                    :
MOISER,                             :
J. KONYCKI,                         :
SHARON M. BURKS,                    :
JEFFERY A. BEARD,                   :
JOHN & JANE DOE 1-20,               :
                                    :
         Defendants                 :


**MEMORANDUM AND ORDER**

On August 8, 2005, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint.  On December 19, 2005, the plaintiff filed an amended complaint.  In his first amended complaint, the plaintiff named as defendants twenty-four corrections officials and employees.  He also named as defendants an additional twenty John and Jane Does.

On March 15, 2006, the plaintiff filed a motion for leave to file another amended complaint and a brief in support of that motion.  The defendants did not file a brief in opposition to that motion.  Pursuant to Local Rule 7.6, the defendants were deemed not to oppose the plaintiff's motion for leave to amend, and by an Order dated May 1, 2006, the plaintiff's unopposed motion for leave to file a second amended complaint was granted.  The plaintiff was granted leave to file a second amended complaint on or before May 30, 2006.  The Order of May 1, 2006 directed that any second amended complaint be complete in all respects, that it be a new pleading which would stand by itself as an adequate complaint without reference to the complaints already filed,

2

and that it be "simple, concise, and direct" as required by the Rules of Civil Procedure.  Fed.R.Civ.P. 8(e)(1).

On May 30, 2006, the plaintiff filed a second amended complaint.  In the second amended complaint, the plaintiff names only six defendants.  The defendants named in the second amended complaint are: Lisa Bolka, Correctional Officers Jeffrey Cywinski, Fritz Bleich and Moiser, and Hearing Examiners Donald Jones and Charles McKeown.

Although the plaintiff is currently incarcerated at the State Correctional Institution at Fayette, his claims concern events that occurred while he was incarcerated at the State Correctional Institution at Dallas.

The plaintiff alleges the following facts in his second amended complaint.  On June 28, 2004, the plaintiff, while locked in his cell, witnessed an altercation between staff and another inmate.  *Second Amended Complaint at ¶9*.  The plaintiff unsuccessfully attempted to talk the other inmate into avoiding the altercation.  *Id*.

3

After the incident the plaintiff observed defendant Lisa Bolka, Correctional Counselor Dianna Dean, an inmate block worker and two other inmates standing by the exit door and mail box.  *Id. at ¶10*.  The plaintiff asked an unknown inmate to tell Ms. Dean that he would like to talk with her at his cell.  *Id. at ¶11*.

After the incident and after the plaintiff spoke with Ms. Dean about the incident, Correctional Officers Kubiak, Bendick and Kenneth Jones came to the plaintiff's cell. *Id. at ¶12*.  Officer Kenneth Jones stated to the plaintiff: "Hey Dunbar, you didn't like what happened to your hommie you Faggot! I got something for you, you like to run your mouth, I got something for you." *Id.*  The three officers left the plaintiff's cell but Kenneth Jones later returned and said: "Fuck that you little nigger faggot, I'm going to get you, you like to run your mouth pack your shit." *Id. at ¶13*. After Kenneth Jones left, the plaintiff called out to Officer Zablotney and said that he wanted to speak to the lieutenant because the other officers had just threatened him. *Id. at ¶14*.  Zablotney told the plaintiff to stay out of it (meaning the incident with the other inmate). *Id.*

_____

4

_____Officers Kenneth Jones, Kubiak and Bendick ran back onto the block, handcuffed the plaintiff, removed the plaintiff from his cell and led him into the stairwell in front of Defendant Bolka. *Id. at ¶14*.  Officer Kenneth Jones repeatedly punched the plaintiff in the face and called him a "faggot" and "nigger."  *Id. at ¶15*.  Officer Kubiak slammed the plaintiff's head into the wall, helped knock the plaintiff to the ground, and then repeatedly banged the plaintiff's head into the ground while calling him racial names and threatening to kill him.  *Id. at ¶15*.  Officer Bendick repeatedly kicked the plaintiff in the back and stomped on him while also calling him racial names.  *Id.*  The plaintiff alleges that defendant Bolka was a witness to the beating of the plaintiff by Officers Kenneth Jones, Kubiak and Bendick and that defendant Bolka failed to intervene to stop the assault on the plaintiff. *Id. at ¶13, 16*.

_____

_____On July 22, 2004, Officer Kenneth Jones threatened the plaintiff by stating that he should have killed him on June 28, 2004 and that he would see him again real soon. *Id. at ¶17*.  Also, while the plaintiff was being escorted to the yard by Officers Galabinski and Gutshall, Officer Kenneth

Jones met the plaintiff in the stairwell and kicked the plaintiff in his behind as he was going down the steps. *Id.* Upon entering the yard area, the plaintiff told defendant Moiser that one of his guards had just assaulted the plaintiff by kicking him in his behind.  *Id. at ¶18.* Defendant Moiser did nothing to protect the plaintiff, knowing that the plaintiff was in the RHU from an incident on June 28, 2004 involving Officer Kenneth Jones.  *Id.* Defendant Moiser only stated, "I didn't see no assault, what assault?"  *Id.*  The plaintiff also alleges that defendant Moiser did nothing to protect him from future assaults.

―――――――――

   The plaintiff complained of being assaulted and requested to be seen by medical staff.  *Id. at ¶19.* Defendant Moiser laughed as Officers Kenneth Jones and Kolenda came to the plaintiff's yard cage and attempted to remove the plaintiff from the cage and return him to his cell.  *Id.*  The plaintiff hollered into the yard that he feared for his life by going with the officers. *Id.* Defendant Moiser threatened the plaintiff with a misconduct report if he didn't comply with his order to return to his cell.  *Id.*  Two other officers observed what was happening

6

and came to the plaintiff's cage and returned him to his cell. *Id*.

On July 21, 2004, while the plaintiff was out of his cell, Correctional Officer Galabinski entered his cell and removed an outgoing legal letter addressed to the Department of Justice Civil Rights Division and turned it over to defendant Cywinski. *Id*. *at* *¶20*. Defendant Cywinski retaliated by filing a misconduct for the contents of the legal letter. *Id*. The plaintiff filed a grievance concerning the unauthorized removal of his legal letter. *Id*. In response, defendants Bliech and Cywinski conspired to deprive the plaintiff of his constitutional right to seek help regarding the constitutional violations that were being done to the plaintiff. *Id*.

The defendants knew the contents of the letter and only due to the letter was plaintiff retaliated against. *Id*. *at* *¶21*. The defendants knew what happened to the plaintiff on June 28, 2004 and did nothing to help. Instead, they conspired with others to coverup the abuse that the plaintiff had suffered. *Id*.

7

_____Defendants Donald Jones and Charles McKeown were Hearing Examiners at S.C.I. Dallas and both conspired with the administrative staff at Dallas to deprive the plaintiff of his rights to speak out about the abuse he was suffering "by the hands and feet" of S.C.I. Dallas guards.  *Id. at ¶22*. Plaintiff avers that defendants Jones and McKeown retaliated against the plaintiff for his attempts to seek help, resulting in a punishment sustained by the plaintiff of a year of "hole time" which the plaintiff alleges was based on "clearly fabricated misconducts."  *Id. at ¶23*.  Defendants Jones and McKeown knew that the plaintiff was claiming that he was being abused, and even after being notified of the constitutional violations that were being committed, they did nothing to prevent the abuse.  *Id*.  The plaintiff later served the unexpired maximum time of his sentence due to their actions of retaliating against him.  *Id. at ¶23*.


The plaintiff alleges that another assault occurred on August 14, 2004 when Officer Jones spit in the plaintiff's face.  *Id. at ¶25*.  The plaintiff alleges that had defendant Moiser done anything, such as filing a report of the abuse

8

allegations against Officer Jones,  the plaintiff probably
would not have sustained another assault. *Id*.

     The plaintiff alleges that defendant Jones stated to
the plaintiff, "If you would have kept your mouth shut, you
wouldn't be in this predicament", and that defendant Bleich
concurred with and conspired to the removal of the
plaintiff's outgoing mail.  Plaintiff alleges that defendant
McKeown stated to the plaintiff, "I'm not allowing for you to
have DNA testing done on a tissue from one of my officers."
The plaintiff alleges that the tissue was the same tissue
that the plaintiff had used to wipe Officer Kenneth Jones'
spit from his face.  Additionally, the plaintiff alleges that
defendant Cywinski, along with defendants Bleich, Jones and
McKeown, retaliated against the plaintiff by issuing him a
misconduct relating to the legal letter that the plaintiff
had intended to send out for help.

     The plaintiff claims that defendants Bolka and Moiser
exhibited deliberate indifference to his health and safety by
failing to protect him from being attacked even though they

both knew of and were aware that the plaintiff was to be harmed.

The plaintiff claims that, as a result of the deliberate indifference exercised by defendants Bolka and Moiser, he suffered serious harm at the hands and feet of correctional officers, and sustained multiple physical injuries, including bruises to his hands, face, knee, back and shoulder.  The plaintiff claims that he is now in a permanently deformed state, and he complains of numbness within his legs and feet.  The plaintiff also claims that he sustained extreme emotional distress from these incidents.

The plaintiff further claims that, after he started to file grievances and send letters to government officials, defendants Jones, McKeown, Bleich and Cywinski repeatedly harassed and caused harm to him by filing retaliatory misconducts.  The plaintiff claims that these acts were done in retaliation against him for attempting to speak out against the abuse he was suffering.

The plaintiff claims that the defendants violated his First, Eighth, and Fourteenth Amendment rights.  He also

presents state law claims.  The plaintiff is seeking
declaratory and injunctive relief as well as compensatory and
punitive damages.

_____The parties consented to proceed before a magistrate
judge pursuant to 28 U.S.C. § 636(c), and the case was
reassigned to the undersigned on January 19, 2006.

On July 6, 2006, the defendants filed a motion to
dismiss the plaintiff's second amended complaint and a brief
in support of that motion.  The plaintiff filed a brief in
opposition to the defendants' motion to dismiss on July 17,
2006.

The defendants argue that: 1) all claims for monetary
damages against them in their official capacities are barred
by the Eleventh Amendment, 2) all defendants other than the
defendants named in the second amended complaint (Lisa Bolka,
Jeffrey Cywinski, Fritz Bleich, Moiser, Donald Jones and
Charles McKeown) should be dismissed, and 3) the second
amended complaint fails to state a retaliation claim against
defendants Donald Jones and Charles McKeown upon which relief
can be granted.

11

An award of monetary damages based upon a past breach of a duty on the part of a state official may not be made against a state official sued in his or her official capacity when the state has not waived its sovereign immunity. *Laskaris v. Thornburgh*, 661 F.2d 23, 26 (3rd Cir. 1981). Pennsylvania has not waived its sovereign immunity. The defendants may not be sued for monetary damages when sued in their official capacities. The defendant state officials may be required to defend against a 42 U.S.C. § 1983 claim against them in their individual capacities. The motion to dismiss the complaint as to the defendants in their official capacities will be granted as to claims for monetary damages.

The second amended complaint does not state any claim as to defendants Wynder, McGrady, Kneiss, Demming, Burnett, Pohlidal, Cwalina, Kowalski, Konycki, Burks or Beard. The second amended complaint is the one and only complaint; it is the embodiment of each and every claim of the plaintiff. Any prior pleading was deemed withdrawn when the second amended complaint was filed.

The plaintiff argues that the second amended complaint should not be viewed for purposes of this case as the plaintiff's complaint because the plaintiff "never asked the court to grant him leave to file an entirely new complaint" (Doc. 91, p.3).  The plaintiff did request leave of court to file an amended complaint (Doc. 65), and the court did in granting the motion for leave to file a second amended complaint instruct the plaintiff in anticipation of and to avoid just such a problem as the present problem that "[a]ny second amended complaint shall be complete in all respects [and] shall be a new pleading which stands by itself as an adequate complaint without reference to the complaints already filed . . ." (Doc. 80, p. 6).  Since the second amended complaint does not state any claim as to the eleven defendants named above, and since the plaintiff expresses that he did not and does not intend to forego his claims against these eleven defendants, the court must either permit the filing of a third amended complaint or else must enforce the plain language directive given to the plaintiff when the plaintiff was granted leave to file a second amended complaint.

13

The plaintiff's description in his brief of the second amended complaint as filed "to add a 'Jane Doe' defendant and to show through pleadings of involvement of dismissed defendants" (Doc. 91, p. 3) does not meet the issue of why a complete statement of the claims as to all defendants was not contained in the second amended complaint. It does not explain why there could not be compliance with the court's order. Nothing presented in the plaintiff's brief acknowledges that the court clearly required the plaintiff to set forth all claims against all defendants in one pleading, and nothing provides any basis for the court to believe that the plaintiff would do it in the future if ordered again to do so. It comes down to this: the court has required one inclusive and complete pleading; the plaintiff intends not to do so and to insist instead that he be authorized to rely upon a collection of statements of claims against various defendants stated in various pleadings. We do not construe the Federal Rules of Civil Procedure to necessarily prohibit a court from construing allegations and claims contained in various pleadings together as the "complaint". However, the order requiring a complete and self-sufficient amended complaint is an order based upon sound considerations and is uniformly employed in similar cases. We will not waive its

14

application here.  The civil action will be dismissed as to
any persons not named as defendants in the second amended
complaint.  The second amended complaint names Lisa Bolka,
Jeffrey Cywinski, Fritz Bleich, Moiser, Donald Jones and
Charles McKeown as defendants.  The civil action will be
dismissed as to all other defendants.

     Defendants Donald Jones and Charles McKeown ask the
court to dismiss the second amended complaint as to them on
the basis that no retaliation claim as to them upon which
relief can be granted is stated therein.  These two
defendants are named in "Count Two: Retaliatory Treatment For
Filing Legal Letter's And For Filing Grievances Of Abuse".

     The averments stated relating to the two hearing
examiner defendants in the second amended complaint are that
they conspired with the administrative staff at S.C.I. Dallas
"to deprive the plaintiff of his rights to speak out about
the abuse he was suffering by the hand's and feet of S.C.I.
Dallas guards," that they imposed "year's of hole time, based
on clearly fabricated misconducts,"  "And that they knew the
plaintiff was stating that he was the one being abuse by
Dallas guards and did nothing to prevent the abuse the

15

plaintiff was suffering, after being notified of Constitutional violations were being committed."  The plaintiff avers further: "The fact that the defendant's did nothing in the behalf of the plaintiff, and conspired with and retaliated against the plaintiff.  The plaintiff was later made to serve the unexpired maximum of his sentence due to there actions of retaliating against him."  Doc. 83, ¶¶ 22-23.  After the plaintiff started to file grievances and send letters to government officials, the hearing examiner defendants "repeatedly harassed and caused harm to the plaintiff by filing retaliatory misconducts, in retaliation for plaintiff attempting to speak out against the abuse he was suffering." *Id. ¶28.*  Defendant Jones stated to Dunbar, "If you would have kept your mouth shut, you wouldn't be in this predicament" and defendant McKeown stated to him, "I'm not allowing for you to have DNA testing done on a tissue from one of my officer's".  *Id. ¶29.*

The hearing examiner defendants assert that, "[i]n order to state a retaliation claim, the plaintiff must prove that the government retaliated against him as a result of his protected activity."  This assertion inadvertently commingles a matter of proof with a matter of stating a claim upon which

16

relief can be granted.  Consistent with that commingling, summary judgment decisions are cited.

The motion to dismiss the complaint for failure to state a claim upon which relief can be granted requires the court to construe the plaintiff's pleading in the light most favorable to the plaintiff.  In the paragraphs quoted above, and in paragraph 30 of the second amended complaint, the plaintiff alleges that he was punished by disciplinary adjudications because he had filed grievances.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In connection with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all

17

inferences in the light most favorable to the plaintiff.
*Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449
(M.D. Pa. 1991).  However, "conclusory allegations of law,
unsupported conclusions and unwarranted inferences need not
be accepted as true." *Id. at 449-50.*  A complaint should not
be dismissed for failure to state a claim upon which relief
can be granted unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim
which would entitle him to relief. *Conley v. Gibson*, 355 U.S.
41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d
Cir. 1988).

     The defendants' argument might be considered to be that
the plaintiff pleads unsupported conclusions and unsupported
inferences of retaliation.  We need a factual record, such as
a summary judgment record, to determine whether there is a
factual basis for what the plaintiff is asserting.

     For the foregoing reasons, the defendants' motion will
be granted in part and denied in part.

     **IT IS ORDERED** that the motion of all defendants to
dismiss all claims for monetary damages against them in their

18

official capacities is **GRANTED**, that the motion of all defendants other than defendants Lisa Bolka, Jeffrey Cywinski, Fritz Bleich, Moiser, Donald Jones and Charles McKeown to dismiss the second amended complaint is **GRANTED** and that the motion of defendants Donald Jones and Charles McKeown to dismiss the second amended complaint claims of retaliation as to them is **DENIED.**  Accordingly, **IT IS ORDERED** that the civil action is **DISMISSED** as to all claims for monetary damages against the defendants in their official capacities, that the civil action is dismissed as to all defendants other than defendants Lisa Bolka, Jeffrey Cywinski, Fritz Bleich, Moiser, Donald Jones and Charles McKeown, and that the defendants shall answer the second amended complaint.


                                         */s/ J. Andrew Smyser*
_____                            J. Andrew Smyser
                                         Magistrate Judge


Dated:  November 13, 2006.

19