```
             UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DAVID A. DUNBAR,                :    CIVIL NO. 1:05-CV-1594
                                :
        Plaintiff               :
     v.                         :    (Magistrate Judge Smyser)
                                :
KENNITH JONES, et al.,          :
                                :
        Defendants              :
```

## MEMORANDUM AND ORDER

On August 8, 2005, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint. On December 19, 2005, the plaintiff filed an amended complaint.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was reassigned to the undersigned on January 19, 2006.

On May 30, 2006, the plaintiff filed a second amended complaint. On March 19, 2007, with leave of court, the plaintiff filed a third amended complaint.

On May 22, 2007, the defendants filed an answer to the third amended complaint.

On November 1, 2007, the defendants filed a motion for summary judgment[1], a statement of material facts, a brief and documents in support of their motion.

On November 26, 2007, the plaintiff filed a motion to obtain declarations from inmate witnesses and a brief in support of that motion.  By an Order dated January 9, 2008, the plaintiff's motion to obtain declarations from inmate witnesses was granted in part.  The plaintiff's request for a continuance to obtain declarations from inmate witnesses until after he serves his maximum sentence (which he indicated would be on February 6, 2008) was granted, and it was ordered that the plaintiff file, on or before April 7, 2008, a brief in opposition to the defendants' motion for summary judgment, a response to the defendants' statement of material facts and any relevant summary judgment evidence

---

[1] Since the motion does not address the plaintiff's claims against all of the defendants, the motion would have more appropriately been titled as a motion for partial summary judgment or as a motion for summary judgment on the behalf of specific defendants.

(including declarations from inmate witnesses) he has in opposition to the motion for summary judgment.

The plaintiff did not file a response to the defendants' motion for summary judgment.  By an Order dated May 8, 2008, we ordered the plaintiff to file a brief in opposition to the motion for summary judgment, a response to the defendants' statement of material facts and any summary judgment evidence in opposition to the motion on or before May 30, 2008.  We warned the plaintiff that if he fails to file a brief in opposition within this time this action will be dismissed pursuant to Fed.R.Civ.P. 41(b), by application of the factors in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The plaintiff still has not filed a response to the defendants' motion for summary judgment.  Moreover, the copy of the Order of May 8th that was sent to the plaintiff was returned to the court as not deliverable.  The plaintiff has failed to keep the court informed of his address as required by Local Rule Local Rule 83.18.

3

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action where the plaintiff fails to prosecute or fails to comply with rules or orders of the court.  The plaintiff has failed to prosecute this action and has failed to obey the court's Order of May 8, 2008, and Local Rule 7.6, which requires the filing of an opposition brief.  The case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), the court reversed the district court's dismissal for the *pro se* plaintiff's failure to file a brief in accordance with a local rule of court.  The court stated that failure to obey the local rule should not form the basis for dismissal without an analysis of the merits of the case.  The court noted that dismissal was not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion.  "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.  Thus, our holding is not broad."  951 F.2d at 30.

In this case, the plaintiff was specifically directed to file a brief in opposition to the motion for summary judgment. The plaintiff did not obey either the rule or the Order.

The Third Circuit has applied the same general analysis, using some or all of the six part test enunciated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), in reviewing all orders which deprive a party of the right to proceed with or defend a claim. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*.

The plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis*. The plaintiff's failure

5

to comply with the Order of May 8, 2008 and to keep the court informed of his address indicates that the plaintiff has abandoned this lawsuit.

**IT IS ORDERED** that this action is dismissed pursuant to Fed.R.Civ.P.41(b).  The Clerk of Court shall close the case file.

/s/ J. Andrew Smyser  
J. Andrew Smyser  
Magistrate Judge

Dated: June 9, 2008.

6